**F. E. GRAUWILLER TRANSPORTA-
TION CO., Inc., Libellant-Appellee,**

v.

**THE Scow JEANNE and Charles J. King,
et al., Respondents-Appellants.**

**RODERMOND INDUSTRIES, Inc., Libel-
lant-Cross-Appellant,**

v.

**THE Scow JEANNE and Charles J. King,
Inc., et al., Respondents-Appellants,
and
F. E. Grauwiller Transportation Co.,
Inc., Respondent-Appellee.**

**Joseph P. ELLIOTT, Libellant-Appellant,**

v.

**THE Scow JEANNE and F. E. Grauwiller
Transportation Co., Inc., et al.,
Respondents-Appellees.**

**Nos. 212-214, Dockets 23827-23829.**

United States Court of Appeals
Second Circuit.

Argued Jan. 11, 12, 1956.

Decided Jan. 26, 1956.

---

Frank C. Mason, New York City (Ma-
har & Mason, New York City, on the
brief), for appellee F. E. Grauwiller
Transportation Co., Inc.

Thomas K. Roche, New York City
(Haight, Gardner, Poor & Havens and
Robert M. Julian, New York City, on the
brief), for appellant Rodermond Indus-
tries, Inc.

Gerald J. McKernan, New York City
(Macklin, Speer, Hanan & McKernan,
Charles J. Carroll, Jr., and James N. Al-
lan, New York City, on the brief), for
appellants Joseph P. Elliott, Charles J.
King, Inc., and Charles J. King.

Before CLARK, Chief Judge, and
FRANK and LUMBARD, Circuit Judg-
es.

PER CURIAM.

In the sharp conflict of testimony
which developed below, Judge Bruch-
hausen, who saw and heard the witness-
es, makes clear that he believed Searfoss,
president of libellant F. E. Grauwiller
Transportation Co., Inc., the original
owner of the Scow Jeanne—the *casus
belli* here—and disbelieved Elliott, who
was a volunteer seeking authorization
for the repairs he was having made to
the vessel after its wreck in New York
bay in the November, 1953, storm. D.C.
E.D.N.Y., 131 F.Supp. 630. These were
rational and reasonable deductions, sup-
ported by the decided weight of the testi-
mony, including that of witnesses not di-
rectly involved, as well as the probabili-
ties, plus certain incongruities in the
testimony of Elliott and his witnesses.
We have no basis, therefore, to reject the
findings as clearly erroneous; and these
leave Elliott as only a persistent inter-
loper, acting at his peril after repeated
warnings. Hence the substantial repair
bill, incurred to Rodermond Industries,
Inc., by Elliott, acting under authority

from Charles J. King, Inc., cannot be held against either the ship or its owner, but only against Charles J. King, Inc., as held below; and Elliott himself cannot recover against Grauwiller or the vessel. We therefore affirm on Judge Bruchhausen's findings and reasoned opinion, D.C.E.D.N.Y., 131 F.Supp. 630.