229 F.2d 153
 F. E. GRAUWILLER TRANSPORTATION CO., Inc., Libellant-Appellee,
v.
THE Scow JEANNE and Charles J. King, et al., Respondents-Appellants.
RODERMOND INDUSTRIES, Inc., Libellant-Cross-Appellant,
v.
THE Scow JEANNE and Charles J. King, Inc., et al., Respondents-Appellants, and
F. E. Grauwiller Transportation Co., Inc., Respondent-Appellee.
Joseph P. ELLIOTT, Libellant-Appellant,
v.
THE Scow JEANNE and F. E. Grauwiller Transportation Co., Inc., et al., Respondents-Appellees.
 Nos. 212-214.
 Dockets 23827-23829.
 United States Court of Appeals Second Circuit.
 Argued January 11, 12, 1956.
 Decided January 26, 1956.
 
 Frank C. Mason, New York City (Mahar & Mason, New York City, on the brief), for appellee F. E. Grauwiller Transportation Co., Inc.
 Thomas K. Roche, New York City (Haight, Gardner, Poor & Havens and Robert M. Julian, New York City, on the brief), for appellant Rodermond Industries, Inc.
 Gerald J. McKernan, New York City (Macklin, Speer, Hanan & McKernan, Charles J. Carroll, Jr., and James N. Allan, New York City, on the brief), for appellants Joseph P. Elliott, Charles J. King, Inc., and Charles J. King.
 Before CLARK, Chief Judge, and FRANK and LUMBARD, Circuit Judges.
 PER CURIAM.
 
 
 1
 In the sharp conflict of testimony which developed below, Judge Bruchhausen, who saw and heard the witnesses, makes clear that he believed Searfoss, president of libellant F. E. Grauwiller Transportation Co., Inc., the original owner of the Scow Jeanne — the casus belli here — and disbelieved Elliott, who was a volunteer seeking authorization for the repairs he was having made to the vessel after its wreck in New York bay in the November, 1953, storm. D.C. E.D.N.Y., 131 F.Supp. 630. These were rational and reasonable deductions, supported by the decided weight of the testimony, including that of witnesses not directly involved, as well as the probabilities, plus certain incongruities in the testimony of Elliott and his witnesses. We have no basis, therefore, to reject the findings as clearly erroneous; and these leave Elliott as only a persistent interloper, acting at his peril after repeated warnings. Hence the substantial repair bill, incurred to Rodermond Industries, Inc., by Elliott, acting under authority from Charles J. King, Inc., cannot be held against either the ship or its owner, but only against Charles J. King, Inc., as held below; and Elliott himself cannot recover against Grauwiller or the vessel. We therefore affirm on Judge Bruchhausen's findings and reasoned opinion, D.C.E.D.N.Y., 131 F.Supp. 630.